UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR.,

        Plaintiff,

v.                                                      Case No. 17-C-1172

D. WICKLUND, *et al.*,

        Defendants.

## DECISION AND ORDER

Plaintiff Aaron Jacobs, who is representing himself and is currently an inmate at the Menominee Tribal Jail, filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. This matter comes before the court on Jacobs' motion for an order extending the discovery and summary judgment deadlines (ECF No. 22), as well as his motion to compel discovery and waive discovery costs or, in the alternative, to have counsel appointed for him (ECF No. 23). For the reasons stated below, Jacobs' motions to compel discovery and for an extension of time will be granted, but his motion to appoint counsel will be denied.

This dispute arises out of Jacobs' First Request for Production of Documents and his First Set of Interrogatories and Request for Production of Documents. The parties agree that Jacobs' discovery requests were served on Defendants Matthew Dunn and Derek Wicklund on December 17, 2017. ECF No. 25 at 2; ECF No. 22 at 1. On February 24, 2018, Jacobs received a responsive letter dated February 22, 2018, from Defendants. ECF No. 25 at 3–4; ECF No. 22 at 3. The letter explained that Defendants had identified approximately 2,800 documents responsive to his requests. ECF No. 23-1. At a rate of $0.10 per page for copies of those documents, plus $40.00 for mailing

costs and $9.00 for a flash drive containing responsive audio and video files, the letter explained that responding to Jacobs' discovery requests would cost $329 and informed him that the documents and flash drive would be mailed as soon as he submitted a payment in that amount. *Id.*

Jacobs now moves this court to compel Defendants to produce the documents responsive to his discovery requests without requiring him to reimburse Defendants for the discovery costs in advance. ECF No. 23 at 2–3. Defendants counter that the court should deny Jacobs' motion to compel and waive discovery costs on the grounds that he can afford to pay the $329 cost. ECF No. 25 at 4. They note that Jacobs received $50,000 on December 18, 2017, in a settlement of a different suit he brought against Brown County. *Id.* Jacobs explained in his motion how he has spent approximately $48,356 of those settlement proceeds, including $2,176 that was seized from his person when he was detained at the Menominee Tribal Jail. ECF No. 23 at 2.

In federal civil litigation, "[t]here is a presumption that 'the responding party must bear the expense of complying with discovery requests.'" *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 600 (E.D. Wis. 2004) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)). Under Federal Rule of Civil Procedure 26(c)(1)(B), however, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Such an order from the court may "condition[] discovery on the requesting party's payment of the costs of discovery." *Oppenheimer*, 437 U.S. at 358. "The party opposing discovery must show good cause for its refusal and, thus, bears the burden of proof." *Hagemeyer*, 222 F.R.D. at 600 (citing *Oppenheimer*, 437 U.S. at 358).

2

Defendants have not made any showing that bearing the $329 cost of producing Jacobs' requested discovery imposes an undue burden on them. They have already identified the responsive documents, and the costs for which they seek reimbursement are apparently only for materials and mailing. The sole argument they make in favor of shifting the production costs to Jacobs is that he can afford the $329 payment because of his recent settlement. ECF No. 25 at 4. Nothing about that argument provides the court with any information about the burden that the cost of fulfilling Jacobs' request places on Defendants, and the $329 cost identified by Defendants does not, on its face, seem exorbitant or unduly burdensome.

Jacobs' motion to compel production of the documents will therefore be granted. Defendants must within ten days provide Jacobs with copies of the documents and flash drive identified in their February 22, 2018 letter, and Jacobs need not reimburse them for the $329 cost of doing so. Nothing about this order, however, precludes Defendants from later asserting that those $329 in expenses are taxable costs under Federal Rule of Civil Procedure 54(d), if they are ultimately the prevailing parties in this action.

In addition to his motion to compel, Jacobs filed a motion for an extension of the deadlines to complete discovery and file summary judgment motions. ECF No. 22. Jacobs filed his motions on March 5, 2018. The deadline to complete discovery was March 5, 2018, and the deadline to file dispositive motions was April 3, 2018. ECF No. 18 at 1. Defendants take no position on Jacobs' motion for an extension of time. ECF No. 25 at 5. Jacobs' motion for extensions of time will therefore be granted. All discovery shall be completed no later than May 7, 2018, and motions for summary judgment, together with their briefs, shall be filed no later than June 7, 2018.

3

Finally, Jacobs' motion to compel requests the alternative remedy of appointment of counsel. Because Jacobs' motion to compel discovery will be granted, the court need not address this alternative request for relief, and his motion will therefore be denied without prejudice. In any event, this motion would be denied for the reasons set forth in the court's February 28, 2018 order denying his previous motion for appointment of counsel. ECF No. 21.

**IT IS THEREFORE ORDERED** that Jacobs' motion to compel discovery and waive the $329 cost (ECF No. 23) is **GRANTED**. Defendants must within ten days provide Jacobs with copies of the documents and flash drive identified in their February 22, 2018 letter, and Jacobs need not reimburse them for the $329 cost of doing so.

**IT IS FURTHER ORDERED** that Jacobs' motion to appoint counsel (ECF No. 23) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Jacobs' motion for an extension of time (ECF No. 22) is **GRANTED**. All discovery shall be completed no later than **May 7, 2018**, and motions for summary judgment, together with their briefs, shall be filed no later than **June 7, 2018**.

Dated this 5th day of April, 2018.

            s/ William C. Griesbach
            William C. Griesbach, Chief Judge
            United States District Court