UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR.,

      Plaintiff,

v.                                          Case No. 17-C-1172

D. WICKLUND and M. DUNN,

      Defendants.

## ORDER REGARDING PENDING MOTIONS
## AND RECRUITMENT OF COUNSEL

Plaintiff Aaron Jacobs, who is representing himself and is currently an inmate at the Menominee Tribal Jail, filed this § 1983 action against officers of the Brown County Sheriff's Department, alleging they violated his rights under the Fourth Amendment by using excessive force in effectuating his arrest. The case is currently before the court on Jacobs' motion to compel and for an extension of time to respond to the defendants' motion for summary judgment, and recruitment of counsel. ECF No. 29. For the reasons that follow, I conclude that this is an appropriate case in which to seek counsel for Jacobs, and I withhold ruling on his motion to compel. His motion to extend time for responding to defendants' motion for summary judgment is granted.

On April 5, 2018, this court entered an order granting Jacobs' motion to compel Defendants to comply with is discovery requests without requiring him to prepay for the cost of doing so, granting Jacobs' motion for an extension of the discovery and summary judgment deadlines, and denying his motion to appoint counsel. ECF No. 28. The defendants complied with the court order, but Jacobs claims that they redacted the discovery to such an extent that it is of no use to him.

Specifically, Jacobs states he received approximately 2,000 documents from Defendants in response to this court's order compelling discovery, but the names and contact information for all witnesses had been redacted. Jacobs' motion suggests that the redacted information pertains to "33 complaints filed on [Defendant Wicklund] by citizens and fellow police personnel." ECF No. 29 at 3. Jacobs states that he conferred with Defendants' counsel regarding the redaction, but counsel continued to refuse to provide unredacted records and agreed that bringing the matter to the court's attention would be appropriate.

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Plaintiff's claim turns on his allegation that the defendants, in particular Officer Wicklund, used excessive force in arresting him. Jacobs alleges that Officer Wicklund attempted to pull him over for erratic driving on the evening of January 20, 2016. Instead of pulling his car over in response to Officer Wicklund's siren, Jacobs fled and ultimately crashed his vehicle into a tree. Jacobs ran from the crash, and Officer Wicklund released George, his K9 dog, to give chase. After George made contact with him, Jacobs decided to surrender and lay down on his stomach with his hands behind his back. Jacobs alleges that, despite his surrender, Officer Wicklund jumped on his back and forcefully planted his knee on the back of his neck after handcuffing him. Jacobs further alleges that Officer Wicklund then released George a second time and that George bit him in the leg several times, causing a wound it took twenty staples to close. The other defendant, Officer Dunn, is alleged to have arrived thereafter and administered "vicious sternum rubs" causing additional pain and injury to his chest.

Based on these allegations and the defendants' answer essentially denying liability, it seems likely the credibility of the parties will prove crucial in resolving the case. Citizen and other officer complaints against the defendants could contain information the bears directly on their credibility. Prior complaints may also disclose evidence that might be relevant and admissible under Rule 404(b)(2) of the Federal Rules of Evidence. *Lepianka v. Village of Franklin Park*, No. 03-C-2991, 2004 WL 626830 (N.D. Ill. Jan. 22, 2004). Without knowing the identities and contact information of the complainants, it may not be possible for Jacobs to contact or subpoena them as possible witness.

On the other hand, the mere fact that a complaint was made doesn't mean it is true. Law enforcement officers can be the object of complaints intended to harass or embarrass them for simply doing their job. The fact that a law enforcement officer is sued does not justify opening his confidential personnel file to public scrutiny. Under these circumstances, protective orders are frequently used to permit discovery of such information while at the same time limiting its further disclosure so as to protect the privacy of the officer and legitimate interests of the law enforcement agency in maintaining confidentiality over internal matters.

Jacobs previously moved for recruitment of counsel, but the court denied his motion based on what then appeared the straightforward facts of the case. The discovery issue now before me warrants a different conclusion. Under these circumstances, I conclude that this is an appropriate case in which to attempt to recruit counsel to represent Jacobs. This would allow the court to enter a protective order with reasonable assurance it would be followed. It would also allow for a more expeditious resolution of the discovery issues that have been raised.

3

There are additional reasons to recruit counsel for Jacobs. I note that counsel was recruited to assist Jacobs in a previous lawsuit he brought against Brown County for excessive use of punitive segregation at the Brown County Jail in violation of the Due Process Clause of the Fourteenth Amendment where he was held in custody as a pretrial detainee. *Jacobs v. Rhode*, No. 15-C-167 (E.D. Wis.). It is clear from that case that Jacobs has significant mental health problems. He is also currently being held in the Menominee Tribal Jail, which Jacobs contends has no law library and few if any inmates that are capable of providing assistance. His previous efforts to obtain counsel on his own have not been met with success, and though he received a substantial settlement in his previous case, it appears the money was quickly dissipated. Given the mental and physical limitations under which Jacobs is operating, the complex discovery issues that have been raised, and the significant injury he apparently sustained, I conclude that this is an appropriate case in which the court should exercise its discretion to attempt to recruit counsel. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc).

Accordingly, Jacobs' motion for recruitment of counsel is granted, and the court will attempt to find an attorney willing to take his case. The motion to compel will be held under advisement pending a response from the defendants and perhaps consultation with Jacobs' counsel, once counsel appears. His motion for an extension of time to respond to the defendants' motion for summary judgment is granted, and a new response date will be set once counsel is on board.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of May, 2018.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court